

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MARCUS LOVETTE**   **PLAINTIFF**

**VERSUS**   CIVIL ACTION NO. 5:10cv80-DCB-JMR

**CRYOGENIC TRANSPORTATION, INC.
AND JOHN DOES A-Z**   **DEFENDANTS**

## COMPLAINT

*JURY TRIAL DEMANDED*

COMES NOW the Plaintiff, Marcus Lovette, by and through counsel, and files this Complaint against Defendants, Cryogenic Transportation, Inc. and Clydine Daniel in her capacity as Administratrix/Executrix/Personal Representative of the Estate of Michael Daniel, Deceased, as follows:

1. Plaintiff, Marcus Lovette ("Lovette"), is an adult resident citizen of the state of Mississippi, who resides in Warren County, Mississippi.

2. Defendant, Cryogenic Transportation, Inc. ("CTI"), is a foreign corporation with its principal place of business located at 1900 AM Drive, Suite I, Quakertown, Pennsylvania 18951. CTI is neither a resident nor a citizen of the state of Mississippi. Process may be served upon CTI by serving its Chief Executive Officer and agent, Vernon R. Ingham. Process may also be served upon CTI by serving the Mississippi Secretary of State pursuant to the Nonresident Motorist Act, Mississippi Code Annotated § 13-3-63.

3. Defendants, John Does A-Z, are fictitious corporations, entities or persons whose real names and business addresses are unknown to the Plaintiff at this time, but whose real names and addresses will be made part of this Complaint at such time as they do become known to the Plaintiff, and at which time process of this Court may be served on such parties.

4. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332 as complete diversity of citizenship exists between the Plaintiff and al1 Defendants and the amount in controversy exceeds the sum of $75,000 exclusive of interest, costs and expenses.

5. Venue is proper in this Court as the accident which gives rise to this Complaint occurred within the Southern District of Mississippi.

6. On or about July 26, 2009, at approximately 11:13 a.m., a train, consisting of two locomotives, owned and operated by Illinois Central, on which Plaintiff Marcus Lovette was the conductor, was traveling in a northbound direction toward the railroad crossing located at Andrew Jackson Circle, Star, Mississippi. This crossing is given the designation DOT #3054370. As the train approached, the locomotive engineer sounded the horn as required by applicable law and operated the train within the speed limit set pursuant to Federal Railroad Administration regulations and company rules.

7. As the Illinois Central train approached the railroad crossing, a truck owned and operated by Defendant CTI and driven by Michael Daniel, deceased, ("Daniel") exited the Airgas Carbonics, Inc. plant located to the west of Illinois

Central's railroad tracks. At all pertinent times, Daniel was acting within the course and scope of his employment with and/or agency of CTI. CTI is therefore vicariously liable for the negligence of Daniel.

8. As Daniel exited the Airgas Carbonics, Inc. plant, he ran the stop sign located on the north side of Andrew Jackson Circle. He turned left on Andrew Jackson Circle and then ran the stop sign located at the crossing west of Illinois Central's main line. As Daniel approached the subject railroad crossing, the Illinois Central train was in plain view, sounding its horn and bell, and in hazardous proximity to the crossing. Despite the numerous warnings and indications of the train's approach, Daniel negligently and carelessly failed to yield the right-of-way to the approaching train and drove the CTI truck in front of the approaching train. Further, Daniel failed to stop, look and listen before driving over the subject crossing as required by law. Finally, Daniels's actions violated the Federal Motor Carriers' Safety Administration, Federal regulations, Federal Rules, common law, and Mississippi law.

9. Due solely to the negligence of CIT and its agent, Illinois Central's train struck the CTI truck resulting in an immense explosion causing substantial damage to Illinois Central's train and tracks and injuring Plaintiff, Marcus Lovette.

10. Prior to the accident, warning devices were installed and paid for with federal funds pursuant to the Federal Rail Safety Act of 1970, 49 U.S.C. §20106, *et seq.*, and/or the Highway Safety Act of 1973, 23 U.S.C. §130, *et seq.*, as amended, and regulations issued by the Secretary of Transportation pursuant

thereto. As a result, the warning devices located at the crossing are deemed adequate as a matter of law.

11. At all times prior to and at the time of the accident, Defendant CTI was guilty of negligence by, but not limited to, the following:

a. failure to stop at multiple stop signs as required by Mississippi law, including but not limited to Miss. Code Ann. § 63-3-805, §63-3-1009 and/or § 63-3-1011;

b. failure to yield right-of-way and stop the vehicle between 15 and 50 feet of the nearest rail of the crossing as required by Miss. Code Ann. §77-9-249;

c. failure to heed the warnings of the railroad cross buck signs which were in plain view as he approached the crossing;

d. failure to heed the warnings being emitted by the lead locomotive including the horn and bell;

e. failure to keep a reasonable and proper lookout for approaching trains;

f. driving onto the railroad tracks without stopping when the train was plainly and clearly visible and in hazardous proximity to the crossing;

g. operating the CTI truck at an unreasonable and unsafe rate of speed under the circumstances;

h. failure to maintain reasonable and proper control over the CTI truck;

i. failure to yield right-of-way to the oncoming train;

    j.    failure to operate the truck in compliance with the applicable Federal Motor Carrier Safety Regulations, including but not limited to 49 C.F.R. § 392.10;

    k.    failure to exercise reasonable care for the safety of Illinois Central, its employees and others;

    l.    negligent hiring, training, retaining and/or entrustment in connection with the truck operation and/or employment; and

    m.    other negligence to be shown at trial.

12.    The transportation of explosive substances, such as those Daniel was hauling at the time of the subject accident, is an ultrahazardous activity. Accordingly, Defendant is held to a heightened duty of care. Defendant breached such duty proximately causing Plaintiff's damages alleged herein.

13.    Defendant's violation of various state and federal statutes, rules and regulations, including but not limited to 49 C.F.R. § 392.10, Miss. Code Ann. §77-9-249, § 63-3-805, §63-31009 and/or § 63-3-1011 constitute negligence per se.

14.    The negligence and negligence per se of Defendant were the sole and proximate causes of the accident in question and all resulting damages to Plaintiff. Alternatively, the negligence of Defendant was a proximate contributing cause of the accident in question and all resulting damages to Plaintiff.

15.    As a direct and proximate cause of the negligence of Defendant, Plaintiff has suffered the following damages:

    a.    Hospital bills, doctor bills, prescription bills and other medical related

expenses which have been incurred and which will continue to be incurred in the future;

b. Past, present and future lost wages;

c. Short and long-term care expenses which have been incurred in the past and will be incurred in the future;

d. Property damage;

e. Temporary and permanent physical impairment, scarring, and disability;

f. Past, present and future pain and suffering;

g. Past, present, and future emotional distress;

h. Past, present, and future loss of enjoyment of life;

i. Past, present, and future mental anguish; and

j. Other damages to be shown at the trial of this cause.

16. Defendant is liable to Plaintiff for the full amount of damages together with costs and interest.

17. Defendant's conduct was so reckless as to constitute an independent tort thereby entitling Plaintiff to punitive damages in an amount sufficient to punish Defendant and to serve as an example to others.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Marcus Lovette, respectfully requests the Court to grant final judgment in its favor in an amount in excess of the jurisdictional limits of this Court, together with punitive damages, prejudgment interest, post judgment interest, and costs. Plaintiff requests such

other relief as may be just and appropriate.

Respectfully submitted, this the \_\_\_5\_\_\_ day of May, 2010.

MARCUS LOVETTE, PLAINTIFF

BY: *(signature)*

Mark D. Lumpkin (MSB 8864)
James R. Reeves, Jr. (MSB 9519)
LUMPKIN, REEVES & MESTAYER
160 Main Street
P. O. Drawer 1388
Biloxi, MS 39533
228.374.5151 Telephone
228.374.6630 Facsimile